UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JONES,                          :
                                      :
          Petitioner                  :     No. 4:CV-09-1446
                                      :
     vs.                              :     Petition Filed 7/27/09)
                                      :
FRANKLIN TENNIS,                      :     (Judge Muir)
                                      :
          Respondent                  :

**MEMORANDUM AND ORDER**

November 8, 2010

Petitioner, Kevin Jones, filed the instant counseled
petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254. He attacks a conviction imposed by the Court of Common
Pleas for York County, Pennsylvania. (Doc. 1). For the reasons
that follow, the Court will deny the petition.

## I.   **Background**

The following background has been extracted from the
Pennsylvania Superior Court's April 23, 2009 Opinion affirming
the denial of Jones' petition pursuant to the Post Conviction
Relief Act (PCRA).

> Appellant was charged with burglary, theft by
> unlawful taking, and receiving stolen property. The
> Commonwealth alleged that on July 26, 2007, appellant
> entered an apartment and took a stereo. ... On
> November 27, 2007, appellant appeared for the

scheduled pretrial conference and pled guilty to burglary. The charges of theft and receiving stolen property were dismissed. The [trial judge] sentenced appellant to 35 months to 72 months in the state correctional institution, costs associated with the prosecution, and restitution in the amount of $70.33. On December 7, 2007, appellant filed a petition to amend sentencing order to include a drug evaluation. On December 11, 2007, the court amended the sentencing order to include a drug evaluation.

(Doc. 12, App. C, Memorandum Opinion of the Superior Court of Pennsylvania dated April 23, 2009). No direct appeal was filed.

On January 1, 2008, Jones filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546. (Doc. 12, App. D, Pro Se PCRA Petition). He claimed that plea counsel was ineffective for failing to timely provide discovery to him, for her completion of most of the written guilty plea, her willingness to proceed despite the petitioner's mental problems, and her unwillingness to file a motion to withdraw petitioner's guilty plea. Id. The trial court appointed counsel, and an evidentiary hearing was held on March 26, 2008. Id.

On May 28, 2008, the trial court denied Jones' petition

for PCRA relief. (Doc. 12, App. E, PCRA court opinion dated May 28, 2008).

Petitioner filed a timely appeal to the Pennsylvania Superior Court, in which he raised the following issues of trial counsel's ineffectiveness:

1.  Trial counsel was ineffective for failing to provide a copy of the discovery information to him until the day of the scheduled pretrial conference when he entered his guilty plea.

2.  The plea was involuntary due to trial counsel's ineffectiveness in (1) completing and placing appellant's initials on each page of the written colloquy, and (2) failing to state in the written guilty plea colloquy that appellant was bipolar, or otherwise brining this condition to the attention of the trial court.

3.  Trial counsel was ineffective for failing to withdraw the guilty plea when asked.

(Doc. 12, App. E, petitioner's Superior Court brief).

By Memorandum Order filed April 23, 2009, the Pennsylvania Superior Court affirmed the PCRA court's denial of Jones' PCRA petition. (Doc. 12, App. C, Memorandum Opinion of the Superior Court of Pennsylvania dated April 23, 2009). Petitioner did not file for allowance of appeal to the Pennsylvania Supreme Court.

On July 27, 200, Jones filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

1.  Counsel was ineffective for timely providing petitioner with discovery materials.

2.  Counsel was ineffective for "pressuring petitioner into a plea and completing the colloquy form instead of petitioner."

3.  Counsel was ineffective for proceeding despite petitioner's mental health issues.

4.  Counsel was ineffective for failing to timely withdraw petitioner's plea after petitioner specifically instructed her do so.

(Doc. 1, petition).

In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Jones that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism

Effective Death Penalty Act ("AEDPA"). (Doc. 4). Jones returned the notice of election form, indicating that he wished to proceed with the petition for writ of habeas corpus as filed. (Doc. 6). Thus, a Show Cause Order was issued on October 9, 2009. (Doc. 8). A response to the petition has been filed. (Doc. 12). Although Jones was provided the opportunity to file a traverse, no traverse was filed.

## II.  Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriquez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A.  Exhaustion

"A federal court may not grant a writ of habeas corpus unless (1) 'the applicant has exhausted the remedies available in the courts of the state', (2) no such state remedy is available or (3) available remedies are ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1)." Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998). "The exhaustion requirement is satisfied when the state courts have had an opportunity to pass upon and correct alleged constitutional violations." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992). The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a federal prisoner's federal rights." Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition...." Santana v. Fenton, 685 F.2d 71, 77 (3d Cir. 1982).

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. McMahon v.

<u>Fulcomer</u>, 821 F.2d 934, 940 (3d Cir. 1987). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." <u>Lines v. Larkins</u>, 208 F.3d 153, 159 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Fair presentation requires that the "substantial equivalent" of a petitioner's federal habeas claims be presented to the state courts. <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).

The respondent concedes that petitioner has exhausted his state court remedies. The merits of the claims will therefore be addressed.

**B.  <u>Merits</u>**

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535

U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. 28 U.S.C. § 2254(d) (1).[1]  See generally, Knowles v. Mirzayance, --- U.S. ----, ---- - ----, 129 S.Ct. 1411, 1418-19, 173 L.Ed.2d 251 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir.2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir.2001). The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning. Williams v. Taylor, 529 U.S. 362, 404-405 (2000). As explained in Bell:

---

[1]Specifically, 28 U.S.C. § 2254(d)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; ....

8

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable ....
>
> Bell, 535 U.S. at 694 (citations omitted).

In a recently announced decision, Renico v. Lett, --- U.S. ----, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010), the United States Supreme Court, quoting Williams, explained that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 1862. Therefore, a federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly.[2] Id. Rather, the state court application must be objectively unreasonable. Renico added that this distinction

---

[2]"Whether the trial judge was right or wrong is not the pertinent question under the AEDPA." Id. at 1865 n. 3, 671 A.2d 773.

9

creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential standard for evaluating state court decisions. Simply put, "state-court decisions [must] be given the benefit of the doubt." Id. quoting Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam).

This deferential standard of review applies to state court decisions on ineffective assistance of counsel claims. Bell, 535 U.S. at 694-98. Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e)(1).

## III.    Discussion

### A.    Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court established a two-pronged test for habeas petitioners seeking relief on the basis of ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir.2001). That is, he must show that

counsel's "representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. There exists a "strong presumption" that trial counsel's performance was reasonable and might be considered sound trial strategy. Jermyn, 266 F.3d at 282 (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir.1996)); Strickland, 466 U.S. at 690.

Second, a petitioner must show that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687. The prejudice test is whether there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).

Where there is a reasonable basis for a tactical decision made by defense counsel, a finding of ineffective assistance

cannot be reached. See Burger v. Kemp, 483 U.S. 776 (1987). In other words, "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F.Supp.2d 645, 648 (M.D.Pa.2001). Furthermore, "reviewing courts must be deferential in their scrutiny and scrupulously avoid the distortions of hindsight by viewing performance from counsel's perspective at the time." Everett v. Beard, 290 F.3d 500, 509 (3d Cir.2002). Finally, "because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Knowles v. Mirzayance, --- U.S. ----, ----, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009).

When the Pennsylvania state courts reviewed the claims raised by Jones, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751, 757 (Pa.2001). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing

12

ineffective assistance of counsel claims is not contrary to
Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n. 9 (3d
Cir.2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir.2000).
Thus, under § 2254(d)(1), the relevant inquiry in addressing an
ineffectiveness claim that has been adjudicated on the merits
is whether the Pennsylvania state court decision involved an
unreasonable application of Strickland. Jacobs, 395 F.3d at 107
n. 9; Werts, 228 F.3d at 204.

Petitioner in this case advances no argument that the
Superior Court decision is contrary to extant United States
Supreme Court precedent. In this regard, petitioner does not
maintain that the ineffective assistance test applied by the
state court is inconsistent with the test established in
Strickland and developed in its progeny. Thus, each asserted
instance of ineffective assistance will be considered against
this standard.

**1. Counsel's failure to timely provide petitioner
with discovery materials.**

Jones claims that he did not receive discovery materials,
consisting of, among other things, the police incident
investigation report. (Doc. 1, petition).

The Pennsylvania Superior Court addressed petitioner's

issue as follows:

> Appellant first argues that trial counsel was
> ineffective in failing to provide a copy of the
> discovery information to him until the day of the
> scheduled pretrial conference when he entered his
> guilty plea.  Trial counsel, however, testified that,
> although it was possible that she gave appellant a
> copy of the discovery packet on the day that he
> entered his plea, she (1) met with appellant at least
> three times while he was incarcerated, (2) brought
> the discovery information and reviewed it with him,
> and (3) discussed with appellant the specifics
> contained in the material.  See: N.T., March 26,
> 2008, pp. 6, 19-20.  The court deemed trial counsel's
> testimony credible and denied relief, stating that
> "[t]he day [that] appellant received a copy of the
> discovery is irrelevant [since trial counsel]
> testified that she reviewed the discovery with
> appellant at the prison before the plea."  Trial
> Court Opinion, supra, p. 4.  We agree with the trial
> court's determination.  Moreover, appellant has
> failed to show that the discovery information would
> have provided a defense that had a chance of success.[3]

---

[3]While appellant maintains that he had a defense to the
charges, the only testimony in this regard came from trial
counsel who, on direct examination by appellant's PCRA
counsel, testified at the PCRA hearing as follows:

> ...we discussed in depth his greatest concern was
> that he believed there were contradictions in the
> statements of certain witnesses for the State, and
> essentially that – he strongly believed that we may
> be able to win at trial based on those contradictions
> by pointing them out and thereby attacking the
> credibility of the State's witnesses.

> Thus, we conclude that there is no merit to
> appellant's first claim.

(Doc. 12, App. C, Memorandum Opinion of the Superior Court of Pennsylvania dated April 23, 2009).

Petitioner's dispute involves only the timeliness of physically receiving discovery materials. Although petitioner claims that he wanted the materials to attack the "credibility' of key Commonwealth witnesses, petitioner points to no information contained with the discovery materials and previously unknown to him that would have encouraged him to in insist on taking his case to trial rather than pleading guilty. Thus, the precise date on which petitioner actually received a physical copy of discovery materials is immaterial. Thus, the state court's finding that counsel's performance was reasonable has not been shown to be an unreasonable application of Strickland. Thus, Petitioner is not entitled to habeas corpus relief on the his first claim of ineffective assistance of

---

> I – we discussed many times that we did not quite
> agree on whether these were contradictions or what I
> believed more to be some places the descriptions were
> just more detailed that in other places.

N.T., March 26, 2008, p. 13.

trial counsel.

## 2. Counsel was ineffective for "pressuring" petitioner into a guilty plea.

Jones claims that his counsel was ineffective for pressuring him to enter into a plea agreement and rushed him into doing to by completing the guilty plea colloquy in her client's stead. (Doc. 2, Memorandum in support of petition). As a result, petitioner claims that his plea was not knowingly, voluntarily and intelligently made. Id.

Due process guarantees require that a defendant's plea be voluntary and intelligent. Bousley v. United States, 523 U.S. 614, 618 (1998); Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238-242 (1969). As such, no criminal defendant should plead to a crime unless, and until, he has had explained to him and understands all of his constitutional rights and protections, including the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment, the right to trial by jury, and the right to confront one's accusers. In the Boykin case, the United States Supreme Court emphasized the importance of a judge's duty in ensuring that a criminal defendant have a full understanding of

what the plea connotes and its consequences by "canvassing the matter" on the record. <u>Boykin</u>, 395 U.S. at 243-44. The failure to specifically articulate these rights, however, is not dispositive if the circumstances otherwise establish that the plea was constitutionally acceptable. <u>United States v. Stewart</u>, 977 F.2d 81, 85 (3d Cir. 1992), <u>cert</u>. <u>denied</u>, 507 U.S. 979 (1993)(plea colloquy adequate despite trial court's failure to enumerate <u>Boykin</u> rights given that those rights were reviewed in prior plea colloquy that occurred only six weeks earlier.)

A plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. <u>Henderson v. Morgan</u>, 426 U.S. 637, 645 n.13 (1976). Further, the plea cannot be induced by threats or misrepresentations. The voluntariness of a plea presents a question of law. <u>Marshall v. Lonberger</u>, 459 U.S. 422, 431-32 (1983). However, state court determinations of underlying questions of fact constitute matters which should receive deference under § 2254:

> [A]lthough "the governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law," questions of historical fact, including inferences

> properly drawn from such facts, are in this
> context entitled to the presumption of
> correctness accorded state court factual
> findings under [former] 28 U.S.C. 2254(d).
> Parke vs. Raley, 506 U.S. 20, 35 (1992).

Thus, the issue whether a defendant understood the consequences of pleading falls within the scope of factual findings entitled to deference. See Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir. 1986).

A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." Brady, 397 U.S. at 748. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. Id. at 756.

The trial court, at the guilty plea hearing, colloquied Jones regarding his understanding of the proceedings as follows;

> THE COURT: ....Sir, did you fill out this guilty plea colloquy?

> THE DEFENDANT: Yes.

> THE COURT: Did you understand the questions?

THE DEFENDANT: Yes.

THE COURT: Did you understand your answers?

THE DEFENDANT: Yes, Sir.

THE COURT: All right.  It's my understanding that you are willing to enter a plea of guilty of Count 1, burglary, in return for a sentence of 35 months to 72 months in the state correctional institute. Furthermore, you will pay the restitution ... in the amount of $70.33, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Other than that, has anyone promised you anything in order to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anyone threatened you or coerced you in order to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Do you understand what you're doing here today?

THE DEFENDANT: Yes, Sir.

THE COURT: Prior to coming in here today, did you have any drugs, alcohol, or anything of an intoxicating nature?

THE DEFENDANT: No, sir

*****

THE COURT: Do you understand the charge that's been alleged against you, the charge of burglary?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand any possible defenses, including I wasn't there, it wasn't me, I didn't do it? Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Did you have sufficient time to discuss the matter with your counsel?

THE DEFENDANT: Yes, sir.

THE COURT: Are there any questions you had for your counsel?

THE DEFENDANT: No

THE COURT: Any questions you had for me?

THE DEFENDANT: No, sir.

THE COURT: Are you satisfied with the representation of your counsel?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

(Doc. 12, App. B, N.T., November 27, 2007, pp. 2-5).

Thus, it is apparent from the transcript that the oral colloquy addressed, among other topics, the petitioner's

understanding of the written guilty plea colloquy, his understanding of the terms of the plea agreement, the absence of coercion, the absence of any intoxicating substances in his system, his waiver of his trial rights, his understanding of the charges against him, his version of the events that led to the criminal charges, and his satisfaction with his plea counsel. As such, this Court finds that the transcript of petitioner's guilty plea supports the Superior Court's finding that petitioner's plea was knowing and voluntary, and there is no basis to rebut the statutory presumption of correctness which attaches to the factual component of this finding.

After finding that the Court conducted a thorough oral colloquy to ascertain that appellant understood the charges and proceedings, the State Court found the following with respect to petitioner's claim that counsel completed the plea colloquy prior to engaging in the oral guilty plea colloquy with the trial judge:

> The entry of the guilty plea was not involuntary because [trial counsel] reviewed the written plea colloquy with appellant and the court gave appellant an oral plea colloquy before accepting the guilty plea. At the PCRA hearing, [trial counsel] testified that she sat in open court with

> appellant and went through each page and question listed in the written plea colloquy. Also, [trial counsel] testified that she initialed each page and appellant signed the plea colloquy. [Trial counsel] testified that appellant responded to each question on the written plea colloquy. Furthermore, the court orally questioned the voluntariness of the plea and whether appellant was counseled. Appellant answered the questions affirmatively.

> Trial Court Opinion, supra, pp. 5-6. We agree with this analysis. Appellant in his brief makes much of the fact that counsel for appellant "completed the [written] colloquy." Brief for Appellant, p. 13. That statement wrongly implies that appellant was acting of her own accord. The record, however, reveals that, as the trial court found, counsel "sat in open court with appellant and went through each page and question" prior to initialing the pages and prior to having appellant sign the completed written colloquy." Trial Court Opinion, May 29, 2008, p. 5).

(Doc. 12, App. C, Memorandum Opinion of the Superior Court of Pennsylvania dated April 23, 2009). Accordingly, this Court concludes that the state court's determination of this claim is reasonable.

### D. Counsel was ineffective for proceeding despite petitioner's mental health issues.

Petitioner claims that counsel was ineffective for failing to investigate and take into consideration petitioner's known mental health problems prior to completing the guilty plea

colloquy for the petitioner and for failing to advise the court of same. (Doc. 2, Memorandum in support of petition).

In rejecting petitioner's claim the Superior Court found the following:

> Although [trial counsel] knew that appellant suffered from depression, appellant's condition did not prevent him from communicating or discussing his case with [trial counsel]. At the PCRA hearing, [trial counsel] testified that she was aware that appellant suffered from depression. Also, [trial counsel] testified that she did not know that appellant was previously diagnosed with bipolar disorder. However, [trial counsel] testified that appellant was very involved with the case and regularly mailed case law to [her]. [Trial counsel] testified that during her discussions with appellant there was never a time when she believed that appellant's mental capacity affected the ability to understand the substance of the court proceedings.[4]

---

[4]Appellant's written guilty plea colloquy reflects the following questions and answers:

8. Have you ever been treated in a mental institution, or have you ever been treated for mental illness?
Yes.

9. Are you now being treated for a mental illness?
Yes.

10. If the answer to number 8 or 9 is YES,

> Appellant's mental health was not explored
> because appellant never gave [trial counsel]
> cause for concern.

> Trial Court Opinion, **supra**, pp. 5-6.  We agree with
> this analysis.  We conclude that there is no arguable
> merit to the issue of trial counsel's ineffectiveness
> for failing to explore appellant's mental condition,
> since the record supports the trial court's
> conclusions that (1) appellant discussed his case
> knowingly with trial counsel, and there was no
> indication that appellant's alleged mental illness
> impaired his ability to understand the proceedings,
> and (2) the court conducted a thorough oral colloquy
> to ascertain that appellant understood the charges
> and proceedings.

(Doc. 12, App. C, Memorandum Opinion of the Superior Court of Pennsylvania dated April 23, 2009).

The Superior Court's decision, in light of the information stated in the written plea colloquy and elicited in the oral colloquy, does not reflect an unreasonable application of the

---

> please explain.
> Depression.

> 11.  If you are presently being treated for a mental
>      illness, do you still feel that you can
>      cooperate with your attorney, comprehend what
>      you are doing today, understand what these
>      questions mean, and know why you must answer
>      these questions?
>      Yes.

Guilty Plea Colloquy, November 27, 2007, p. 3.

Strickland test, nor is it an unreasonable application of the facts in light of the evidence presented in state court. Thus, Jones' claim of ineffective assistance of counsel for plea counsel's failure to "investigate and take into consideration petitioner's known mental health problems" is without merit.

**E.** **Counsel was ineffective for failing to timely withdraw petitioner's plea after petitioner specifically instructed her do so.**

Jones' final claim is that he requested counsel to file a motion to withdraw his guilty plea immediately after sentencing and that counsel "deliberately ignored his letter as well as a phone call she received from his mother and brother requesting that she file a motion to withdraw the plea." (Doc. 2, Memorandum in support of petition).

If a motion to withdraw a guilty plea is made before sentencing, there is no absolute right to withdraw the plea; rather, the defendant bears the burden of showing a fair and just reason to withdraw the plea. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001); United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to

impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." <u>Brown</u> at 815 (further citation omitted).

Additionally, in order to justify a withdrawal of a guilty plea after sentencing under Pennsylvania law, the Petitioner must demonstrate "prejudice on the order of manifest injustice." <u>Commonwealth v. D'Collanfield</u>, 805 A.2d 1244, 1247; 2002 Pa.Super 266 (Pa.Super. 2002).

Jones asserts only that he requested his counsel to withdraw his guilty plea. He offers no basis for withdrawing his guilty plea. To the extent that the only arguments for the request to withdraw the guilty plea are those that are set forth in the instant petition for writ of habeas corpus, no manifest injustice existed by declining to move to withdraw the Petitioner's guilty plea, even if the request had been made to plea counsel and to the court in a timely fashion. Thus, he cannot show that he was prejudiced by counsel's failure to pursue a motion to withdraw, and nothing in the record suggests that petitioner would not have pled guilty but for his counsel's now allegedly deficient performance, particularly in light of declarations made during his guilty plea colloquy and

sentencing.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977)("Solemn declarations in open court carry a strong presumption of verity."). Consequently, the Court concludes that it is clear from the record that there is no basis for petitioner's ineffective assistance of counsel claim with respect to counsel failing to file a motion to withdraw the guilty plea.

An appropriate Order accompanies this Memorandum Opinion.

Dated: November 8, 2010      s/Malcolm Muir
                             MUIR
                             United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JONES,                    :
                                :
        Petitioner              : No. 4:CV-09-1446
                                :
    vs.                         : Petition Filed 7/27/09)
                                :
FRANKLIN TENNIS,                : (Judge Muir)
                                :
        Respondent              :

**ORDER**

November 8, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.   The petition for writ of habeas corpus (Doc.
     1), is **DENIED**.

2.   The Clerk of Court is directed to **CLOSE** this
     case.

3.   There is no basis for the issuance of a
     certificate of appealabilty.  See 28 U.S.C.
     § 2253(c).

                    s/Malcolm Muir
                    MUIR
                    United States District Judge